GONZÁLEZ PADÍN CO., INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 111.—Argued November 3, 1947.—Decided November 14, 1947.

---

684

 

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for petitioner. *Luis Negrón Fernández, Attorney General,* and *J. B. Fernández Badillo, Deputy Attorney General,* for intervener, respondent in the main proceeding.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On January 14, 1944, the Treasurer of Puerto Rico addressed to the petitioner González Padín Co., Inc., two communications, entitled "Notice and Demand," demanding the payment of certain sums on account of the 5 per cent tax, levied by Act No. 29 of December 7, 1942 (Spec. Sess. Laws, p. 160), as well as interest thereon and certain administrative fines. The petitioner filed two motions for reconsideration and upon the same being denied, it appealed to the Tax Court.[1] After a hearing was held on the merits, that tribunal dismissed the complaint in its entirety, except that it reduced to 6 per cent per annum the rate of interest to be paid on the deficiencies.

González Padín Co., Inc., thereupon applied to this Court for a writ of certiorari pursuant to § 5 of Act No. 169 of May 15, 1943 (Laws of 1943, pp. 600, 610). After the writ was issued, the Treasurer moved for a dismissal of the pro-

[1] Cf. *González Padín Co. v. Tax Court,* 66 P.R.R. 23.

ceeding and his motion was denied on April 22 of the current year.[2] The case was then submitted to us on the merits, without the holding of a hearing.

The petitioner contends that, pursuant to the above-cited Act, the Treasurer of Puerto Rico lacks power to collect from it the 5 per cent Victory Tax on the wages or salaries pertaining to compensation earned or received by its employees in the months preceding January 1, 1943,[3] and that the two fines imposed on it are improper, since it acted in accordance with its own interpretation of the statute and particularly with the regulation published at that time by the Treasurer of Puerto Rico himself, in connection with the Act which levied said tax.

As we stated in the opinion delivered on July 23, 1947, in certiorari proceeding No. 129, entitled Miranda Hermanos, *S. en C.,* Petitioner, v. Tax Court of Puerto Rico, Respondent, R. Buscaglia, Treasurer of Puerto Rico Intervener (67 P.R.R. 636):

"If the intent of the Legislature was not to tax the wages, compensations, etc. for services rendered prior to January 1, 1943, but actually received or credited after that date, it could have easily said so in defining the income subject to tax. A careful examination of the Act shows that the lawmaker took pains in making clear that all income earned, credited or deposited in favor of an individual beginning on January 1, 1943, shall be subject to the tax.

"It is true that § 1 of the Act provides that the tax imposed thereby shall be collected and paid from and after January 1, 1943, but this does not mean that the tax cannot be collected on the payment for services rendered prior to that date, but which were paid or assigned thereafter. The purpose of this provision is merely to determine the time on which the income received becomes taxable."

As to the first question raised by the petitioner, we do not see any distinction between the present case and that

---

[2] *González Padín Co.* v. *Tax Court,* 67 P.R.R. 204.

[3] Section 1 of the Act provides: that "The tax levied by this Act shall be collected and paid from and after January 1, 1943."

of *Miranda Hnos.* v. *Tax Court, supra.* Its contention in this connection should be dismissed.

■■■■■ However, regarding the administrative fines imposed, as we have already indicated, the petitioner insists that they do not lie and that their imposition is improper, unjustifiable, and involves an abuse of discretion on the part of the Treasurer, inasmuch as it has not purposely and deliberately violated the law, but on the contrary it acted honestly, pursuant to a reasonable and just construction of the statute, and particularly pursuant to a rule issued and promulgated on the matter by the Treasurer of Puerto Rico himself.

Section 9 of Act No. 29 of December 7, 1942, already cited,[4] expressly provides that "Any violation of the provisions of this Act . . . shall constitute a misdemeanor . . ." and that "In addition, the above-mentioned violations may be punished by the Treasurer of Puerto Rico through the imposition of administrative fines of not more than one thousand (1,000) dollars, which fines shall be collected through the attachment proceeding established in the Political Code . . ."

It is unquestionable that the fines of $500 and $300 imposed on the petitioner herein are within the limits fixed by the Act. It is likewise undeniable that the fixing of such penalties rests in the sound discretion of the Treasurer. Nevertheless, an examination of the records shows that the petitioner was not negligent nor tried to avoid payment of the tax, and that on the contrary it filed its returns for the payment of the Victory Tax in due time [5] and made therein a full disclosure of all the facts. Moreover, plaintiff's exhibit 5, which was admitted by the lower court upon stipulation of the parties, and which consisted of the "Rules to reg-

---

[4] The amendment to this Act by Act No. 175 of May 15, 1943 (Laws of 1943, p. 630), does not alter the situation.

[5] Said returns pertained to the periods from January 1 to February 28, 1943 and from March 1 to June 30 of said year.

ulate the execution of the Act establishing the Victory Tax,"
issued by the Treasurer under date of January 22, 1943,
provides on page 6 (Rule XIV) that "the income from com-
pensation, salaries and daily wages shall be taxable only for
such period of time covered by the payment, as may be sub-
sequent to December 31, 1942." These Rules were in force
until August 13, 1943, when new Regulations were adopted
for a like purpose. The latter regulations are the ones
which provide (Rule No. XV) that "the income or separate
payments constitute an income for the week in which they
are received," and that "such income is taxable if it is re-
ceived by the taxpayer on or after January 1, 1943, *irre-
spective of the date on which it may have accrued.*" If ac-
cording to the Regulations in force at the time covered by
the returns filed, the taxpayers were told that "*the income
from compensation, salaries and daily wages shall be tax-
able only for such period of time covered by the payment as
may be subsequent to December 31, 1942,*" how is it pos-
sible to penalize by an administrative fine a taxpayer who
has but followed the very Regulations issued by the Treas-
urer? In the instant case there has been no wilful or de-
liberate violation on the part of the taxpayer. Therefore,
the Treasurer has abused his discretion in imposing the ad-
ministrative fines involved herein, and the latter should be
stricken out from the deficiencies assessed to the petitioner.[6]
(Italics ours.)

The decision rendered by the Tax Court of Puerto Rico
on August 27, 1946, is modified to order the elimination of
the two administrative fines imposed on the petitioner, and
as thus modified, the decision is affirmed.

---

[6] Cf. Mertens, Law of Federal Income Taxation, vol. 10, § 55.25, p. 40.